3:23-CV-160

RECEIVED
JUL 18 2023
CLERK, U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT
OF PENNSYLVANIA

AO 241 (Rev. 09/17)

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Western | |
|---|---|---|
| Name (under which you were convicted): Krista Mader | | Docket or Case No.: |
| Place of Confinement: SCI Cambridge Springs | | Prisoner No.: PA5787 |
| Petitioner (include the name under which you were convicted) Krista Mader | v. | Respondent (authorized person having custody of petitioner) Superintendent Michelle Overmyer and Jerome Kaharick |
| The Attorney General of the State of: Michelle Henry Pennsylvania | | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Court of Common Pleas of Cambria County
   Cambria County Courthouse, 200 South Center St.

   (b) Criminal docket or case number (if you know): CP-11-CR-0000909-2016

2. (a) Date of the judgment of conviction (if you know): September 22, 2017

   (b) Date of sentencing: November 16, 2017

3. Length of sentence: 18-40 years

4. In this case, were you convicted on more than one count or of more than one crime?  ☑ Yes   ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   13 Counts of Drug Manufacture/Sale/Deliver or Possession with
   Intent to
   1 Count Criminal Conspiracy
   1 Count Dealing in Proceeds of Unlawful Activities
   1 Count Corrupt Organizations
   1 Count Criminal Conspiracy

6. (a) What was your plea? (Check one)

   ☑ (1) Not guilty        ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty            ☐ (4) Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

_____
_____
_____
_____

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury    ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☒ Yes    ☐ No

8. Did you appeal from the judgment of conviction?

☒ Yes    ☐ No

9. If you did appeal, answer the following:

(a) Name of court: Superior Court of Pennsylvania
(b) Docket or case number (if you know): 248 WDA 2018
(c) Result: Denied
(d) Date of result (if you know): 2/25/2019
(e) Citation to the case (if you know): _____
(f) Grounds raised: ① Misapplied sentencing guidelines by using improper calculation of offense gravity score ② Incorrect sentence based on alleged amounts of drugs delivered ③ Discretionary aspects of sentencing

(g) Did you seek further review by a higher state court?    ☒ Yes    ☐ No

If yes, answer the following:

(1) Name of court: Supreme Court of Pennsylvania
(2) Docket or case number (if you know): _____
(3) Result: Denied

AO 241 (Rev. 09/17)

    (4) Date of result (if you know): September 5, 2016

    (5) Citation to the case (if you know):

    (6) Grounds raised:

  (h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☒ No

    If yes, answer the following:

    (1) Docket or case number (if you know):

    (2) Result:

    (3) Date of result (if you know):

    (4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☒ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

  (a) (1) Name of court: Court of Common Pleas for Cambria County

    (2) Docket or case number (if you know): CP-11-CR-0000909-2016

    (3) Date of filing (if you know): 12/22/2017

    (4) Nature of the proceeding: Sentence Modification

    (5) Grounds raised: Excessive Sentencing

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes ☒ No

    (7) Result: 4 years removed from minimum sentence; maximum sentence remained same

Page 4 of 16

AO 241 (Rev. 09/17)

    (8) Date of result (if you know): 01/11/2018

 (b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

      ☐ Yes     ☐ No

    (7) Result: _____

    (8) Date of result (if you know): _____

 (c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

       ☐ Yes    ☐ No

    (7) Result: _____

    (8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:   ☐ Yes   ☒ No

    (2) Second petition:  ☐ Yes   ☐ No

    (3) Third petition:   ☐ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: Ineffective assistance of counsel for failing to pursue, communicate appropriately, and recommend a plea deal

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Mr. Kaharick advised petitioner that offered plea was unacceptable because petitioner was a first time offender, had been "cooperative"; the disparity between the amount of drugs petitioner was charged with was 3 grams v. 1000 grams, and because petitioner went to drug rehab voluntarily prior to being charged, were the reasons he cited. According to former Attorney General Patrick Leonard, who testified at petitioner's PCRA evidentiary hearing on March 9, 2021, Mr. Kaharick never pursued an alternative plea bargain on petitioner's behalf. Mr. Kaharick failed to comprehend the generosity of the State's offer to the petitioner, or the overwhelming evidence against petitioner.

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241 (Rev. 09/17)

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: Mr. Kaharick was still the attorney on record

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post Conviction Relief Act petition

Name and location of the court where the motion or petition was filed: Court of Common Pleas of Cambria County

Docket or case number (if you know): CP-11-CR-0000909-2016

Date of the court's decision: 06/23/2021

Result (attach a copy of the court's opinion or order, if available): Attached in Appendix

(3) Did you receive a hearing on your motion or petition?   ☒ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Superior Court of Pennsylvania Western District

Docket or case number (if you know): 892 WDA 2021

Date of the court's decision: 05/17/22

Result (attach a copy of the court's opinion or order, if available): Attached in Appendix

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

**GROUND TWO:** Was counsel ineffective for improperly explaining and communicating sentencing guidelines based on his own erroneous understanding?

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Mr. Kaharick failed to properly explain that charges could be run consecutively, aggregation, or disparity between plea offer and possible sentence exposure. He minimalized the weight of the drugs petitioner could be held responsible for from the 1000 grams she was charged with to 3 grams the controlled buys reflected. This was also erroneous and vastly altered the petitioner's ability to intelligently make a decision on taking the offered plea.

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: Mr. Kaharick was still the attorney on record.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post Conviction Relief Act petition

Name and location of the court where the motion or petition was filed: Court of Common Pleas of Cambria County

Docket or case number (if you know): CP-11-CR-0000909-2016

AO 241 (Rev. 09/17)

Date of the court's decision: 06/23/2021

Result (attach a copy of the court's opinion or order, if available): Attached in Appendix

(3) Did you receive a hearing on your motion or petition? ☒ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Superior Court of Pennsylvania Western District

Docket or case number (if you know): 892 WDA 2021

Date of the court's decision: 05/17/22

Result (attach a copy of the court's opinion or order, if available): Attached in Appendix

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two:

**GROUND THREE:** Was trial counsel ineffective for failing to develop a viable trial strategy and for failing to present any defense at trial?

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Mr. Kaharick failed to appreciate the significance of the Commonwealth's evidence against the petitioner, nor did he show diligence in preparing for trial. He never consulted petitioner about any sort of trial strategy, and at trial offered no defense in petitioner's favor. He forgot important facts, presented no mitigating evidence, and failed to subject prosecution's case to meaningful adversarial testing. On 4/26/21, at petitioner's PCRA evidentiary hearing, when questioned about his trial strategy, his only answer was "to fight".

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: Mr. Kaharick was still attorney on record

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post Conviction Relief Act petition

Name and location of the court where the motion or petition was filed: Court of Common Pleas of Cambria County

Docket or case number (if you know): CP-11-CR-0000909-2016

Date of the court's decision: 06/23/2021

Result (attach a copy of the court's opinion or order, if available): Attached in Appendix

(3) Did you receive a hearing on your motion or petition?   ☒ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Supreme Court of Pennsylvania

→ Docket or case number (if you know): 299 WAL 2022

→ Date of the court's decision: 06/21/23

Result (attach a copy of the court's opinion or order, if available): Attached in Appendix

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

_____

_____

GROUND FOUR: Was trial counsel ineffective for his mishandling of petitioner's appellate rights, as well as failing to communicate the final orders issued by the Court's, to the petitioner?

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Mr. Kaharick filed 2 appeals on petitioner's behalf, to the Superior Court and Supreme Court. During the Superior Court proceedings, the 1925(b) statement was filed as received, but neither the Court nor Mr. Kaharick could produce the Concise Statement. Mr. Kaharick failed to file a Pa. R.A.P. 2119(f), which must be included seperately in the Appeal Brief, for allowance to challenge discretionary aspects of the sentence. Due to this omission, the Commonwealth objected to the oral arguement of this issue. Mr. Kaharick's gross negligence caused the petitioner's Superior Court appeal to be denied, without the merits of the appeal being considered. Mr. Kaharick failed to notify the petitioner of this denial, as well as the denial of the Supreme Court appeal. In both cases, it was only through the petitioner's own diligence that she was able to discover the Court's decisions.

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c) Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes  ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: Mr. Kaharick was still the attorney on record

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post Conviction Relief Act petition

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: Court of Common Pleas of Cambria County

Docket or case number (if you know): CP-11-CR-0000909-2016

Date of the court's decision: 06/23/2021

Result (attach a copy of the court's opinion or order, if available): Attached in Appendix

(3) Did you receive a hearing on your motion or petition?  ☒ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Supreme Court of Pennsylvania

Docket or case number (if you know): 299 WAL 2022

Date of the court's decision: 06/21/23

Result (attach a copy of the court's opinion or order, if available): Attached in Appendix

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241 (Rev. 09/17)

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  ☒ Yes   ☐ No

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Russell Heiple 227 Beechwood St., Johnstown, PA 15904

(b) At arraignment and plea: Jerome Kaharick 142 Gazebo Park Suite 301 Johnstown, PA 15901

(c) At trial: Jerome Kaharick 142 Gazebo Park Suite 301 Johnstown, PA 15901

(d) At sentencing: Jerome Kaharick 142 Gazebo Park Suite 301 Johnstown, PA 15901

(e) On appeal: Jerome Kaharick 142 Gazebo Park Suite 301 Johnstown, PA 15901

(f) In any post-conviction proceeding: David Beyer 104 S. Center St. Suite 316 Ebensburg, PA 15931

(g) On appeal from any ruling against you in a post-conviction proceeding: David Beyer 104 S. Center St. Suite 316 Ebensburg, PA 15931

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☐ Yes   ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☐ Yes   ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

This petition is timely because petitioner is filing promptly after exhausting all state remedies, including direct appeals after conviction, a PCRA petition, and the subsequent appeals applying to the PCRA decision.

AO 241 (Rev. 09/17)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Sentence reduced to the original plea offer by the Commonwealth that petitioner would have accepted, given adequate counsel.

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on 7-13-23 (month, date, year).

Executed (signed) on 7-13-23 (date).

_Krista Mader_
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____
_____
_____

## Appendix

1) Order from the Court of Common Pleas of Cambria County, Pennsylvania, Criminal Division

2) Superior Court of Pennsylvania Memorandum

3) Order from the Supreme Court of Pennsylvania Western District